IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS SMITH,<br>WILLIAM WEHKING,<br>TERRY TIMMONS,<br>and JOE SUGGS,<br><br>      Plaintiffs,<br><br>vs.<br><br>CLINTON COUNTY SHERIFF<br>and CLINTON COUNTY JAIL,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 16-cv-174-MJR<br>)<br>)<br>)<br>)<br>)  |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

The Complaint (Doc. 1) in this case was filed pursuant to 42 U.S.C. § 1983 by four individuals who were confined at Clinton County Jail ("Jail"), which is located in Carlyle, Illinois. The plaintiffs include Thomas Smith,[1] William Wehking, Terry Timmons, and Joe Suggs. Together, they bring four claims against the Jail and the sheriff. The first and fourth claims arise from the denial of adequate medical care[2] and mental health care[3] at the Jail. (Doc. 1, pp. 1-4). The second and third claims arise from unconstitutional conditions of confinement. (*Id*.). Plaintiffs include no specific request for relief in their Complaint, asking only that the defendants "explain and be held accountable" for these alleged constitutional violations. (*Id*. at 5).

Plaintiffs Smith and Wehking signed the Complaint. (*Id*.). Plaintiffs Smith, Wehking,

---

[1] Plaintiff Smith advised the Court in writing on March 7, 2016, that he has now transferred from the Jail to Graham Correctional Center.

[2] The Court cannot discern whether this claim involves more than one plaintiff; the complaint only mentions Terry Timmons.

[3] Likewise, the Court cannot discern whether this claim involves more than one plaintiff because the complaint only mentions William Wehking.

and Suggs[4] also filed a motion seeking leave to proceed *in forma pauperis* ("IFP motion") (Docs. 3, 5, and 10). Under the circumstances, the Court deems it necessary to address several preliminary matters before screening this case pursuant to 28 U.S.C. § 1915A.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is

---

[4] Plaintiff Timmons' deadline for filing an IFP motion or paying the $400.00 filing fee is March 20, 2016.

required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are four plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be four times greater than if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Seventh Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all of the plaintiffs, other than

Wehking, whom it designates as the "lead" plaintiff[5] in this case, an opportunity to withdraw from this litigation before the case progresses further. Each plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[6]

In addition, if the plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829,

---

[5] This designation arises from the fact that Plaintiff Wehking declared himself as one of the two "lead" plaintiffs, signed the complaint, and also filed an IFP motion. Plaintiff Smith did the same, but he has since transferred from the Jail.

[6] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

831 (7th Cir. 1986); F ED. R. C IV. P. 11.[7] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a), *including the Complaint* (Doc. 1).

### **First Amended Complaint**

To proceed with group litigation of their claims, Plaintiffs must file a "First Amended Complaint" that not only sets forth the specific conduct giving rise to each constitutional claim but also includes signatures of all four plaintiffs and contains a specific request for relief. Rule 8(a)(3) requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." F ED. R. C IV. P. 8(a)(3). Typically, requests for relief include monetary damages and/or injunctive relief. In addition, Rule 11(a) requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." F ED. R. C IV. P. 11(a). The Complaint (Doc. 1) complies with neither rule because it contains the signatures of only two plaintiffs and no specific request for relief (e.g., monetary damages and/or injunctive relief). To address these issues, the plaintiffs must file an amended complaint. Instructions for filing a First Amended Complaint, including a deadline for the same, are set forth in the below disposition.

### **Disposition**

**IT IS HEREBY ORDERED** that each named plaintiff shall advise the Court in writing on or before April 20, 2016, whether he wishes to continue as a plaintiff in this group action. If,

---

[7] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." F ED. R. C IV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

by that deadline, any non-lead plaintiff (other than Plaintiff Wehking) [8] advises the Court that he does *not* wish to participate in the action and/or wishes to pursue his claims in a separate action, he will be dismissed from this lawsuit and will *not* be charged a filing fee for this action.  **This is the *only* way to avoid the obligation to pay a filing fee for this action.  Any plaintiff who simply does not respond to this Order on or before April 20, 2016, *will* be obligated to pay the filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

**IT IS FURTHER ORDERED** that, in addition to complying with the preceding order, any plaintiff who opts to proceed with this **group litigation** must use the blank civil rights complaint form provided to either: (1) file a single, properly completed amended complaint containing all signatures of the plaintiffs; or (2) file *separate but identical* amended complaints that are signed by each individual plaintiff.  Either way, the pleading(s) must be labeled, "First Amended Complaint," and list this case number.  The amended complaint will supersede and replace the original complaint, rendering it void.  *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The amended complaint will be screened under 28 U.S.C. § 1915A.

Any plaintiff who opts to pursue his claims **individually** in a separate lawsuit shall, in addition to notifying this Court of his intention to do so in writing **on or before April 20, 2016**, use the blank civil rights complaint form provided to prepare a separate complaint.  He must file the properly completed complaint, along with the letter, *in this action*.  Upon receipt of both, the Court will issue an Order severing that plaintiff's claims into a separate action, filing the

---

[8] As the lead Plaintiff, William Wehking will remain assigned to this case.  He may choose to voluntarily dismiss his claims, pursue them in group litigation, or pursue them on his own.  However, he may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

complaint and that plaintiff's IFP motion in the new case, and assessing a single filing fee in the new case instead of this action. The complaint will be screened in each newly-opened case pursuant to 28 U.S.C. § 1915A.

Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

**Failure to comply with this order shall result in the striking of the Complaint (Doc. 1) and the dismissal of this action.** *See* FED. R. CIV. P. 41(b).

To enable each Plaintiff to comply with this Order, the Clerk is **DIRECTED** to return a copy of the Complaint (Doc. 1) to each Plaintiff along with this Order and a blank civil rights complaint form.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 16, 2016**

                                        s/ MICHAEL J. REAGAN
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**