**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **THOMAS SMITH,** | ) | |
| **WILLIAM WEHKING,** | ) | |
| **TERRY TIMMONS,** | ) | |
| **and JOE SUGGS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-174-MJR** |
| | ) | |
| **CLINTON COUNTY SHERIFF,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

This matter is, once again, before the Court for case management. This civil rights action was filed pursuant to 42 U.S.C. § 1983 by four individuals at Clinton County Jail ("Jail") in Carlyle, Illinois (Doc. 1). In the original complaint, Plaintiffs challenged the conditions of their confinement at the Jail (Doc. 1, pp. 1-4). They also complained of inadequate medical and mental health care (*id.*). The complaint included no request for relief (*id.* at 5).

The Court entered a preliminary order on March 16, 2016 (Doc. 13). In it, the Court warned the four co-plaintiffs about the consequences of proceeding with their claims in a single group action (Doc. 13, pp. 2-5). Each plaintiff was offered the option of withdrawing from this group action and pursuing his claims in a separate action.[1] Plaintiffs were given until April 20, 2016, to advise the Court in writing whether he wished to pursue his claims in group litigation or alone in a separate suit (*id.* at 5-6). Regardless of the chosen path, each was instructed to file an amended complaint that includes a request for relief by the same deadline (*id.* at 6).

---

[1] William Wehking was designated as the "lead plaintiff" and advised that his claims would proceed in this action (Doc. 13, p. 4).

The preliminary order included the following warning:

> If, by that deadline, any . . . plaintiff . . . advises the Court that he does **not** wish to participate in the action and/or wishes to pursue his claims in a separate action, he will be dismissed from this lawsuit and will **not** be charged a filing fee for this action. **This is the *only* way to avoid the obligation to pay a filing fee for this action. Any plaintiff who simply does not respond to this Order on or before April 20, 2016, *will* be obligated to pay the filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

(*id*. at 5-6) (emphasis in original).

Plaintiffs William Wehking and Joe Suggs did not respond to the Court's order and will both be terminated as plaintiffs in this action. Their claims will be dismissed with prejudice based on their failure to prosecute the claims and comply with an order of this Court. *See* FED. R. CIV. P. 41(b). Further, they will each be responsible for paying a filing fee for the action.

Plaintiff Terry Timmons will also be terminated from this action. He did not sign the original complaint, file an IFP motion, or respond to the court's order. In fact, Plaintiff Timmons never communicated with the Court about this action. By all indications, he never intended to participate as a plaintiff in the action. Plaintiff Timmons' claims will be dismissed without prejudice, and he will not be obligated to pay a filing fee for this action.

Plaintiff Thomas Smith is the only plaintiff who responded to the Court's preliminary order (Doc. 14). Plaintiff Smith indicated that he wishes to proceed alone with his claims, and he shall be allowed to do so. Because all of his co-plaintiffs will be terminated as parties in this action, it is not necessary to sever Plaintiff Smith's claims into a separate case. Instead, he will proceed with his claims in *this* action.

Along with his response to the Court's preliminary order, Plaintiff Smith also filed an amended complaint (Doc. 14-1). The Clerk will be directed to re-file it as the "First Amended Complaint" in this action. Plaintiff Smith's First Amended Complaint supersedes and replaces

the original complaint (Doc. 1), rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

## Merits Review Pursuant to 28 U.S.C. § 1915A

The First Amended Complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The First Amended Complaint does not survive preliminary review under § 1915A and shall be dismissed without prejudice and with leave to file a Second Amended Complaint consistent with the below instructions.

## First Amended Complaint

In the First Amended Complaint, Plaintiff Smith complains about the conditions of his confinement at the Jail (Doc. 14-1, p. 5). He was allegedly housed in a cell that lacked adequate heat. During the winter months, the cell became so cold that Plaintiff Smith could see his breath. He complained to a sergeant, who simply told Plaintiff Smith that the heat was "broke[n]" and took no action to repair it (*id.*).

The showers allegedly "contained a serious ammount (sic) of black mold" that caused Plaintiff to suffer from breathing difficulties (*id.*). When he complained to several unnamed Jail officials, they painted over the mold but took no other action to remediate it.

Plaintiff Smith was also denied adequate exercise opportunities at the Jail. Officials provided him with an elastic band and a television for recreation. Because of his limited exercise opportunities, he gained twenty-six pounds during his detention at the Jail (*id.*).

In addition, Plaintiff claims that the Jail's law library was inadequate. He does not elaborate. However, Plaintiff Smith asserts that he was "dependent on a public defender" because he could not use the Jail's law library to prepare his own defense (*id*.).

In connection with these claims, Plaintiff seeks monetary relief against the Clinton County Sheriff.

### Discussion

The Fourteenth Amendment Due Process Clause governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). Even so, district courts frequently look to Eighth Amendment case law for guidance in evaluating these claims. *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). The Eighth Amendment safeguards prisoners against cruel and unusual punishment. U.S. CONST., amend. VIII. Eighth Amendment protection extends to conditions that pose a substantial risk of serious harm to an inmate's health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). To establish an Eighth Amendment violation based on unconstitutional conditions of confinement, a plaintiff must satisfy an objective requirement (*i.e.*, that he suffered a sufficiently serious deprivation) and a subjective requirement (*i.e.*, that the defendant acted with deliberate indifference to his conditions of confinement). *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008); *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

The complaint describes conditions—including a cold cell, moldy showers, and lack of exercise opportunities—that may satisfy the objective component of this claim. Depending on the degree and duration of the deprivation, a valid claim may arise from exposure to extreme temperatures. *See Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) ("[c]old temperatures

need not imminently threaten inmates' health to violate the Eighth Amendment"); *Del Raine v. Williford*, 32 F.3d 1024, 1035 (7th Cir. 1994) (inmate need not allege frostbite or hypothermia to establish that cold temperatures endangered his or her health); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995) (reversing dismissal of complaint alleging that plaintiff spent one-and-a-half weeks in a cell with inadequate heat, clothing, and bedding). A claim may also arise from exposure to mold that causes breathing problems. *See Budd*, 711 F.3d at 842 (allegations of exposure to mold, along with overcrowding, lack of adequate beds, broken windows, cracked toilets, a broken heating and cooling system, and denial of adequate recreation, stated claims under the Due Process Clause). Likewise, the denial of recreation and exercise could give rise to a claim for unconstitutional conditions of confinement. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (recognizing that exercise is "a necessary requirement for physical and mental well-being"). Even if certain conditions are not individually serious enough to work constitutional violations, they may violate the Constitution in combination when they have a "mutually enforcing effect that produces the deprivation of a single, identifiable human need." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). The allegations in the complaint focus entirely on the objective component of this claim.

To survive preliminary review, however, the complaint must also satisfy the subjective requirement by suggesting that the Clinton County Sheriff exhibited deliberate indifference to the conditions of Plaintiff's confinement. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A plaintiff may not

attribute any of his constitutional claims to a high-ranking official by relying on the doctrine of *respondeat superior*, or vicarious liability; "the official must actually have participated in the constitutional wrongdoing." *Antonelli*, 81 F.3d at 1428 (citing *Cygnar v. City of Chicago*, 865 F.2d 827, 947 (7th Cir. 1989)). However, where a complaint describes potentially systemic conditions, such as those arising from a policy, custom, or widespread practice that results in a constitutional deprivation, the Court may infer personal knowledge on the part of a high-ranking official like the sheriff. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514-15 (7th Cir. 2007). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

The Court finds that the subjective component of this claim is not satisfied. The sheriff is not mentioned in the statement of claim at all. Plaintiff does not allege that he took any steps to put the sheriff on notice of the objectionable conditions or that he asked the sheriff to address the conditions. Plaintiff does not include a copy of any grievances that he sent to the sheriff to complain about the conditions. Moreover, the complaint includes no suggestion that the sheriff was generally aware of the conditions that Plaintiff faced, based on their systemic nature or a policy or custom of ignoring such complaints. Plaintiff Smith's conditions of confinement claim against the Clinton County Sheriff does not survive screening under § 1915A and shall be dismissed without prejudice.

Plaintiff also complains that the law library is inadequate (Doc. 14-1, p. 5). The allegations offered in support of this claim are threadbare. To the extent that Plaintiff intends to bring a separate claim for denial of access to the courts, the claim fails. Plaintiff does not

explain how the inadequate library prevented him from accessing the courts by causing any actual detriment to particular litigation. *See Antonelli*, 81 F.3d at 1430 (citing *Gentry v. Duckworth*, 65 F.3d 555, 558-59 (7th Cir. 1995); *Shango v. Jurich*, 965 F.2d 289, 292-93 (7th Cir. 1992)). Accordingly, the access to courts claim shall be dismissed without prejudice as well.

Under the circumstances, the First Amended Complaint is subject to dismissal. However, the dismissal shall be without prejudice, and Plaintiff Smith will be granted leave to file a Second Amended Complaint, if he wishes to re-plead his claims for unconstitutional conditions of confinement and denial of access to the courts. The instructions and deadline for doing so are set forth in the below disposition.

### Disposition

The Clerk is **DIRECTED** to **TERMINATE** the following parties as plaintiffs in this action: **WILLIAM WEHKING, JOE SUGGS,** and **TERRY TIMMONS**.

**IT IS HEREBY ORDERED** that all claims brought by Plaintiffs **WILLIAM WEHKING** and **JOE SUGGS** are **DISMISSED** with prejudice, based on their failure to prosecute said claims and comply with a court order. *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b). Plaintiffs Wehking and Suggs incurred the obligation to pay the filing fee for this action at the time it was filed, and they remain obligated to pay this fee.[2] However, their motions for leave to proceed *in forma pauperis* (Docs. 3, 10) will be addressed in a separate order.

**IT IS ALSO ORDERED** that all claims brought by Plaintiff **TERRY TIMMONS** are **DISMISSED** without prejudice. By all indications, Plaintiff Timmons never intended to

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

participate in this action, and his obligation to pay the filing fee for the action is hereby **WAIVED**.

**IT IS FURTHER ORDERED** that Plaintiff Thomas Smith shall proceed with his claims in this action, and his motion for leave to proceed *in forma pauperis* (Doc. 5) will be addressed in a separate order. The Clerk is **DIRECTED** to **RE-FILE** Plaintiff Smith's proposed amended complaint (Doc. 14-1) as the "First Amended Complaint" in CM/ECF. The First Amended Complaint supersedes and replaces the original complaint (Doc. 1), rendering it **VOID**. *See Flannery*, 354 F.3d at 638 n. 1.

**IT IS ORDERED** that the First Amended Complaint (Doc. 14-1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted; this includes Plaintiff's claims against the Clinton County Sheriff for unconstitutional conditions of confinement and denial of access to the courts.

**IT IS ORDERED** that Defendant **CLINTON COUNTY JAIL** is **TERMINATED** as a party in this action, as the First Amended Complaint did not named the Jail as a defendant, and Defendant **CLINTON COUNTY SHERIFF** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a Second Amended Complaint in this action on or before September 7, 2016.  Should Plaintiff fail to file his Second Amended Complaint within the allotted time, dismissal will become with prejudice, and a "strike" will be assessed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that an amended complaint supersedes and replaces prior complaints, rendering them void. *See Flannery*, 354 F.3d at 638 n. 1. The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must

stand on its own, without reference to any other pleading. Failure to file a Second Amended Complaint that conforms with this Order shall also result in the dismissal of this action with prejudice and a "strike." *See* 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his Second Amended Complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: August 3, 2016

                                                    s/ MICHAEL J. REAGAN
                                                    U.S. Chief District Judge