IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS SMITH, #Y11769, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-cv-174-MJR ) |
| CLINTON COUNTY SHERIFF, CLINTON COUNTY JAIL, and SGT. LUKE BRANDONMEIER, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Now before the Court for consideration is a Second Amended Complaint (Doc. 32) filed by Plaintiff Thomas Smith pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Taylorville Correctional Center. In his Second Amended Complaint, Plaintiff claims that he was subjected to unconstitutional conditions of confinement for three months at Clinton County Jail ("Jail") (Doc. 32, pp. 5-6). He was also denied access to a law library (*id*. at 6). In connection with these claims, he seeks monetary damages (*id*. at 7).

### Merits Review Pursuant to 28 U.S.C. § 1915A

The Second Amended Complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints, including amended complaints, to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Second Amended Complaint

Page **1** of **10**

survives preliminary review under this standard.

## Second Amended Complaint

According to the allegations in the Second Amended Complaint, Plaintiff was detained in Clinton County Jail for three months in early 2016 before being transferred into the custody of the Illinois Department of Corrections ("IDOC") (Doc. 32, pp. 5-6). During his detention at the Jail, he was subjected to conditions that allegedly violated his rights under the Constitution. Plaintiff complained about these conditions to members of the Jail's staff, but his complaints were ignored.

Specifically, Plaintiff alleges that he was provided with no opportunities for physical recreation. He was instead given an elastic band and a television. He complained about the lack of exercise opportunities, but his complaints "fell upon 'deaf ears'" (*id*.). Because he could not exercise, Plaintiff gained twenty-six pounds while at the Jail.

He also complains that the showers were covered in black mold from floor to ceiling. When Plaintiff notified staff about the mold, they simply painted over it. This did not address the problem, and Plaintiff began to experience difficulty breathing. He submitted a written request for medical attention. However, he received no response. After several inquiries into the status of his request, Plaintiff was informed that it was lost or misplaced. He was instructed to wait until he transferred into IDOC custody before again seeking medical care because it would be "free" (*id*.).

For a month in February 2016, Plaintiff was held in a cell that lacked heat (*id*. at 5). During the same month, outside temperatures dropped below zero. Plaintiff's cell became so cold that he could see his breath for approximately two weeks. Plaintiff complained about the

frigid conditions to Sergeant Luke Brandonmeier and others.[1] However, the heat was not repaired (*id*.).

Finally, Plaintiff complains that the Jail lacked a law library (*id*. at 6). Plaintiff had access to criminal statutes but no case law interpreting the statutes. He could not conduct any advanced legal research during his detention at the Jail, and members of the Jail's staff refused to print any case law for him. Although he was represented by a public defender at the time, Plaintiff complains that the lack of access to a law library prevented him from conducting research into several issues involved in his criminal case (*id*.).

In connection with the above-referenced complaints, Plaintiff now sues the Clinton County Sheriff, Clinton County Jail, and Sergeant Brandonmeier for monetary relief (*id*. at 7).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Second Amended Complaint into the following enumerated counts:

> **Count 1:** **Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail for a period of three months.**
>
> **Count 2:** **Defendants denied Plaintiff access to the courts during his detention at the Jail.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

---

[1] Plaintiff also complained to Deputies Kelly, Pam, Nicki, and Miranda. These individuals are not named as defendants in the action, and any claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

As discussed in more detail below, Plaintiff shall be allowed to proceed with Count 1 against Sergeant Brandonmeier and the Clinton County Sheriff. However, Count 2 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. Defendant Clinton County Jail shall also be dismissed without prejudice from this action.

### Count 1

The Fourteenth Amendment Due Process Clause governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). The Eighth Amendment governs the claims of prisoners. *Id*. A pretrial detainee is "entitled to be free from conditions that amount to 'punishment,' . . . while a convicted prisoner is entitled to be free from conditions that constitute 'cruel and unusual punishment.'" *Dart*, 803 F.3d at 310 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In both contexts, the conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant must possess a sufficiently culpable state of mind. *Dart*, 803 F.3d at 309 (citations omitted).

The Second Amended Complaint includes allegations that satisfy the objective component of this claim under the Eighth and the Fourteenth Amendments. An adverse condition rises to the level of a constitutional deprivation when it results in the denial of a basic human need, such as food, clothing, shelter, or medical care. *Id*. at 309-10 (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Farmer*, 511 U.S. at 832)). Plaintiff complains of multiple conditions, including exposure to a cold cell for one month, moldy showers for three months, no exercise opportunities for three months, and no medical care for three months. These conditions support his claim at screening. *See Dixon v. Godinez*,

114 F.3d 640, 643 (7th Cir. 1997) ("[c]old temperatures need not imminently threaten inmates' health to violate the Eighth Amendment"); *Del Raine v. Williford*, 32 F.3d 1024, 1035 (7th Cir. 1994) (inmate need not allege frostbite or hypothermia to establish that cold temperatures endangered his or her health); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995) (reversing dismissal of complaint alleging that plaintiff spent one-and-a-half weeks in a cell with inadequate heat, clothing, and bedding). *See also Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (allegations of exposure to mold, along with overcrowding, lack of adequate beds, broken windows, cracked toilets, a broken heating and cooling system, and denial of adequate recreation, stated claims under the Due Process Clause). *See Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (recognizing that exercise is "a necessary requirement for physical and mental well-being"). For screening purposes, the allegations satisfy the objective component of this claim.

The allegations also satisfy the subjective component of this claim at screening. Under the Fourteenth Amendment, the subjective element is satisfied where "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's action (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472 (2015)). Under the Eighth Amendment, deliberate indifference is shown when an official is subjectively aware of the conditions or danger complained of, but the official consciously disregards it. *Farmer*, 511 U.S. at 837.

Plaintiff alleges that he complained directly to Sergeant Brandonmeier about the conditions described in his Second Amended Complaint, but this defendant took no action to

address them. The allegations support a claim for unconstitutional conditions of confinement against Sergeant Brandonmeier under both the Eighth and Fourteenth Amendments.

The Court will also allow this claim to proceed against the Clinton County Sheriff. The doctrine of *respondeat superior*, or supervisory liability, does not apply to § 1983 actions; thus, to be held liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Personal involvement of senior jail officials may be inferred where the plaintiff alleges "potentially systemic," as opposed to "clearly localized," constitutional violations. *Dart*, 803 F.3d at 309, n. 2 (citing *Antonelli*, 81 F.3d at 1428-29). In other words, a high-ranking official, such as a sheriff, can be directly liable for an injury under this rationale. *Daniel v. Cook Cnty.*, -- F.3d --, 2016 WL 4254934 (7th Cir. Aug. 12, 2016). The conditions described by Plaintiff are so far-reaching that they can be characterized as "potentially systemic." The allegations also suggest that the sheriff may have turned a blind eye to the conditions at the Jail. In his Second Amended Complaint, Plaintiff alleges that the sheriff never "walk[ed] through the Jail," made himself available, or offered a system for filing grievances to complain about the conditions at the Jail (Doc. 32, p. 6). *See Courtney v. Devore*, 595 Fed. Appx. 618, 620 (7th Cir. 2014) (citing *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009)) (although chief administrators are typically not personally liable for decisions made by subordinates, there can be an exception if the superior, by not acting, creates or increases some peril). Given these allegations, the Court cannot dismiss Count 1 against the sheriff.

The Jail shall be dismissed from this action without prejudice. Section 1983 imposes liability on a "person" who violates an individual's federally protected rights while acting "under color of state law." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). The Jail is not a "person" who is subject to suit under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). It is a non-suable entity. *Id*. The Court interprets Plaintiff's decision to name the Jail as nothing more than an "inartful attempt to name pseudonymously" the officials who ignored his complaints about the conditions of his confinement. *See Courtney*, 595 Fed. Appx. at 620. Having already identified two of those officials as defendants, however, Plaintiff need not name the Jail as well. *Id*. Accordingly, the Jail shall be dismissed without prejudice.

**Count 2**

Prisoners have a right to "adequate, effective and meaningful" access to the courts. *Johnson v. Barczak*, 338 F.3d 771 (7th Cir. 2003) (quoting *Bounds v. Smith*, 430 U.S. 817 (1977)). A person claiming a denial of access "must prove that he suffered an actual injury by showing that unjustified acts or conditions hindered his ability to pursue a nonfrivolous legal claim." *Johnson*, 338 F.3d at 772.

Plaintiff complains that the Jail's law library was inadequate (Doc. 32, p. 6). According to the allegations, Plaintiff only had access to criminal statutes and no case law interpreting the statutes (Doc. 32, p. 6). Consequently, he could not conduct research into issues involved in his criminal case.

The Court finds three glaring problems with this claim. First, Plaintiff was represented by a public defender during his detention at the Jail, and he does not claim that his access to the public defender was impeded, in any way, by Jail officials. Second, he fails to identify any

prejudice he suffered to specific litigation. Third, he names no particular defendant in connection with this claim. For each of these reasons, Count 2 shall be dismissed with prejudice.

### Pending Motions

Plaintiff's Motion to Appoint Counsel (Doc. 23) and Motion for Discovery (Doc. 24) shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

### Disposition

**IT IS HEREBY ORDERED** that Defendant **CLINTON COUNTY JAIL** is **DISMISSED** without prejudice from this action because the Second Amended Complaint states no claim against this defendant upon which relief may be granted.

**IT IS ALSO ORDERED** that **COUNT 2** is **DISMISSED** with prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendants **SERGEANT LUKE BRANDONMEIER** and **CLINTON COUNTY SHERIFF**. With respect to this claim, the Clerk of Court shall prepare for Defendants **BRANDONMEIER** and **CLINTON COUNTY SHERIFF**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 32), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 23) and Motion for Discovery (Doc. 24).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 21, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**
